# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**TERRY LAMAR McCOY**                                        **PETITIONER**

**V.**                              **NO. 4:23-CV-00982-JM-ERE**

**LAFEYETTE WOODS, JR.,**
**SHERIFF,  JEFFERSON COUNTY, ARKANSAS**                **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge James M. Moody, Jr. You may file written objections

to all or part of this Recommendation. Objections, if filed, should be specific, include

the factual or legal basis for the objection, and must be filed within fourteen days. If

you do not file objections, you risk waiving the right to appeal questions of fact and

Judge Moody can adopt this Recommendation without independently reviewing the

record.

## I.      INTRODUCTION

Terry Lamar McCoy, a pretrial detainee[1] at the Jefferson County Jail, also

known as the W.C. "Dub" Brassell Adult Detention Center ("Detention Center"),

---

[1] According to state court records, available at the Arkansas Administrative Office of the Courts Public CourtConnect Website, accessible at https://www.arcourts.gov., Mr. McCoy's bond was revoked on June 10, 2021, and he is awaiting trial in two case, pending a competency determination.  See *Arkansas v. McCoy*, Nos. 35CR-18-421, 35CR-21-446 (Pulaski County Cir. Ct.) (Nov. 2 Scheduling Orders).

filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2254. For reasons that follow, the Court recommends that Mr. McCoy's petition be denied and the case summarily dismissed without prejudice for lack of subject matter jurisdiction.[2]

## II.   BACKGROUND

On September 15, 2023, Mr. McCoy filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Detention Center officers had subjected him to unconstitutional conditions of confinement. *McCoy v. Woods*, No. 4:23-cv-00869-JM-JVV (*Doc. 1*). Because Mr. McCoy had previously accumulated three strikes under 28 U.S.C. § 1915(g) and his initial complaint did not satisfy the imminent danger exception under § 1915(g), United States Magistrate Judge Joe J. Volpe gave him thirty days to either pay the filling fee or file an amended complaint alleging facts showing satisfying the imminent danger exception. *Id*., *Doc. 3*.

In response to Judge Volpe's directive, on October 2, Mr. McCoy filed a pleading labeled "Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 for the Invalidity of Confinement or Its Duration." *Id., Doc. 5*. Judge Volpe found that despite its label, the pleading was properly filed as an amended complaint in the § 1983 case because it challenged the conditions of Mr. McCoy's confinement.[3] *Id.,*

---

[2] District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

[3] Judge Volpe further found that Mr. McCoy's new pleading failed to satisfy the imminent

*Doc. 6 at 1.* Subsequently however, Mr. McCoy filed a motion to correct, stating that he had intended to commence a new habeas action with the pleading he submitted on October 2. *Id., Doc. 7.* Judge Volpe granted Mr. McCoy's request and directed the Clerk of Court to open a new habeas action and file Mr. McCoy's § 2241 petition, which is now before the Court. *Doc. 3-1.*

## III.   DISCUSSION

"The central focus of the [habeas] writ . . . is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). "If the prisoner is not challenging the validity of his conviction or the length of his detention . . . , then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Regardless of the relief sought, Eighth Circuit "precedent precludes conditions-of-confinement claims using the vehicle of a habeas petition." *Spencer v. Haynes*, 774 F.3d 467, 468 (8th Cir. 2014).

As Judge Volpe correctly noted,   Mr. McCoy's § 2241 habeas petition challenges the conditions of his confinement, not a conviction or sentence. Mr.

---

danger exception and directed him to pay the $402 filing fee in full. *McCoy v. Woods*, No. 4:23-cv-00869-JM-JVV, *Doc. 6 at 2.* Mr. McCoy then filed an amended complaint in the § 1983 action, alleging facts that Judge Volpe determined stated plausible conditions of confinement claims against two of the ten named defendants and satisfied the imminent danger exception. *Id., Docs. 10, 11.*

McCoy alleges that since his entry to the Detention Center on May 27, 2021, he has faced a host of unconstitutional conditions, including overcrowding, vermin infestation, lack of facilities necessary to maintain his personal hygiene, constant illumination, and inadequate medical care. *Doc. 3-1*.

Where, as in this case, a petitioner "fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996). *Id.* Accordingly, Mr. McCoy's § 2241 petition should be summarily denied and this case dismissed without prejudice.

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Terry Lamar McCoy's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (*Doc. 3-1*) be DISMISSED without prejudice for lack of subject matter jurisdiction.

Dated 6 November 2023.


UNITED STATES MAGISTRATE JUDGE